UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| In re | ) |
| | ) Case Nos. 03-43655-JBR |
| ENGAGE INC., et al., | ) et seq. |
| | ) |
| Debtors. | ) Chapter 11 |
| | ) |

OBJECTION OF ROPES & GRAY LLP TO
(i) MOTION FOR APPROVAL OF CASH COLLATERAL STIPULATION
AND (ii) MOTION FOR APPROVAL OF BIDDING PROCEDURES

To:   The Honorable Joel B. Rosenthal, United States Bankruptcy Judge.

Ropes & Gray LLP ("R&G"), a creditor and party in interest herein, hereby objects to (i) entry of the final order requested by the Debtors' Motion for Approval of Cash Collateral Stipulation (Docket No. 9, the "Proposed Final Cash Collateral Order") and (ii) entry of the final order requested by the Debtors' Motion for Approval of Bidding Procedures (Docket No. 10, the "Proposed Bidding Procedures Order"). R&G has as attorney's charging lien on (i) certain patents and patent prosecution actions of the Debtors and (ii) cash proceeds of a prepetition sale of other patents and actions. These liens secure a total of $108,737.11 owed to R&G. R&G objects to entry of the requested orders because, first, R&G does not consent to the Debtors' use of R&G's cash collateral. Second, various provisions of the Proposed Final Cash Collateral Order and the Proposed Bidding Procedures Order violate R&G's rights as a senior secured creditor. In further support, R&G states as follows:

1.   Prepetition, R&G provided various legal services, principally relating to intellectual property matters, to the Debtors. The majority of those services consisted of patent prosecution: the commencement of proceedings before the United States Patent and Trademark

9200589_1

Office (the "USPTO") seeking the issuance of patents for various inventions of the Debtors. From time to time, the USPTO did in fact issue patents to the Debtors.

2. As of the Petition Date, the Debtors owed R&G approximately $158,254.48 for unpaid legal services, including unreimbursed expenses. Of that amount, $108,737.11 consists of fees and expenses for patent prosecution work. The Debtors last paid R&G on or about March 31, 2003, a payment of $4,542.37 (the only payment within 90 days prior to the Petition Date).[1]

3. The portion of R&G fees that are not patent prosecution work, approximately $49,517.37, consists primarily of corporate licensing work performed in early 2003. That work was performed specifically so that the Debtors could sell a significant portion of their assets, including approximately 70% of their patents, in a prepetition transaction that occurred in February 2003. The Debtors induced R&G to perform that corporate work by making a specific promise that R&G would be paid from the proceeds of that sale. R&G relied on that promise in undertaking and performing such work. However, the Debtors breached their promise upon closing and retained the sale proceeds, including cash proceeds directly attributable to patents that were obtained through R&G's patent prosecution work for the Debtors.

4. <u>The Charging Lien</u>. Mass. G.L. c.221 § 50 provides any attorney with a lien to secure payment of fees and expenses:

> From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending, or, if the proceeding is not pending in a

---

[1] R&G is still reviewing its records with respect to that payment, but currently believes that such amount was a prepayment for expenses, and not a payment on antecedent debt. All rights with respect to such payment are reserved.

> court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence [section] shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute.

This "charging lien" attaches automatically, and does not require any perfection or giving of notice. It is deemed to vest as of the date of commencement of the relevant proceeding. *In re Albert*, 206 B.R. 636 (Bankr. D. Mass. 1997). It has priority over all other security interests in the same property: the attorney's lien is, as a practical matter, a kind of purchase money security interest – without the extension of credit, there would not be any to which any creditor's lien could attach. *See Priority Between Attorney's Lien for Fees Against Judgment and Lien of Creditor Against Same Judgment*, 34 A.L.R. 4th 665, § 4 (cases in which attorney's lien is given priority over prior lienholders). Under a prior statute, Massachusetts courts have specifically concluded that the charging lien is at superior to at least any security interest that attaches or perfects after the hiring of the attorney. *Delval v. Gagnon*, 213 Mass. 203 (1912).

5. The charging lien secures fees and expenses incurred in patent prosecution work. The statute specifically covers work performed in nonjudicial "proceedings" before federal offices such as the USPTO. Construing a statue with the same reference to "proceedings," the Minnesota Supreme Court has concluded that the charging lien covers patent prosecution work. *Schroeder, Siegfried, Ryan & Vidas v. Modern Electronic Prods., Inc.*, 295 N.W.2d 514 (Minn. 1980). Construing the New York charging lien with language almost identical to the Massachusetts statute, the United States District Court for the Southern District of New York has reached the same conclusion. *Hedman, Gibson & Costigan, P.C. v. Tri-Tech Sys. Int'l*, 1994 WL 18536 (S.D.N.Y. 1994).

6. Attached hereto as Exhibit A is a chart of the fees and expenses secured by Ropes & Gray's charging lien.

7. <u>Protection of R&G Cash Collateral</u>. One of the most fundamental Bankruptcy Code protections for secured creditors is Section 363(c)(2), which prohibits the use of cash collateral without consent, unless there is complete adequate protection. As previously stated, R&G does not consent to the use of its cash collateral.

8. <u>Priming Liens</u>. The R&G charging lien is a first priority lien on the cash and patents of the Debtors subject to that lien. However, the Proposed Final Cash Collateral Order contemplates that CMGI will have a first priority lien on all assets, as adequate protection. That lien cannot prime R&G's charging lien unless R&G is given adequate protection. R&G understands that CMGI is the only major secured creditor, has a blanket lien, and nonetheless is undersecured. Accordingly, it does not appear that the Debtors can adequately protect R&G. Therefore, any liens given to CMGI must be expressly junior to R&G's charging lien.

9. <u>Right to Credit Bid</u>. Another of the fundamental secured-creditor protections of the Bankruptcy Code is Section 363(k), which provides the right to credit bid at any sale under Section 363(b). The Proposed Bidding Procedures Order would permit only bids for substantially all of the Debtors' assets. Such a provision would eviscerate R&G's right to credit bid. In fact, R&G is prepared to credit bid for the assets on which it has a charging lien.

10. Although Section 363(k) does provide that a bankruptcy court may, "for cause" limit the right to credit bid, that exception is very narrowly construed. *See, e.g., In re Theroux*, 169 B.R. 498 (Bankr. D.R.I. 1994) (collusion between bankruptcy trustee and secured creditor justified denial of credit-bid rights). Bankruptcy courts in fact insist that in any sale free and clear, that the right to credit bid be scrupulously protected, because it is the primary method for the secured creditor to protect its rights and to ensure that the sale occurs at a price that the secured creditor considers to be a market price. Any bidding procedures must allow R&G to bid

on the secured patents alone. This could be implemented by requiring any all-asset bidder to allocate a portion of its total bid to those secured patents – an amount in excess of any R&G credit bid.

11.   For the foregoing reasons, R&G requests that this Court deny approval of the Cash Collateral Stipulation, refuse to enter the Proposed Final Cash Collateral Order, and alter the Proposed Bidding Procedures Order to permit R&G to credit bid on the secured patents..

Dated: July 7, 2003

ROPES & GRAY LLP

_____
D. Ross Martin (BBO#629853)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Telephone:  617-951-7000
Telecopier:  617-951-7050

**EXHIBIT A**

UNPAID FEES - FLYCAST

| R&G Matter Number | Patent | Fees | Expenses | Total | 363 Sale Pending |
|---|---|---|---|---|---|
| ENGA-P002 | System & Method for Building User Profiles | 3,362.52 | 0.00 | 3,362.52 | |
| ENGA P01-001 | System & Method for Building User Profiles | 1,334.04 | 1,684.19 | 3,018.23 | |
| ENGA P01-002 | System & Method for Building User Profiles | 13,527.61 | 529.55 | 14,057.16 | |
| ENGA P01-003 | System & Method for Inferring Demographic Profiles | 2,727.25 | 14.28 | 2,741.53 | Yes |
| ENGA P01-006 | Demographic Profiling Engine | 1,141.86 | 47.64 | 1,189.50 | Yes |
| ENGA-P01-007 | Database Interface Architecture | 9,265.25 | 561.78 | 9,827.03 | Yes |
| ENGA-P01-008 | Active Application Socket Management | 15,021.69 | 711.23 | 15,732.92 | Yes |
| ENGA P02-001 | System & Method for Building User Profiles | 8,261.58 | 1,074.20 | 9,335.78 | |
| ENGA P60-007 | Database Interface Architecture | 2,873.71 | 289.35 | 3,163.06 | Yes |
| ENGA P60-009 | Virtual Layers in a Versioned Advertising | 6,296.25 | 451.08 | 6,747.33 | Yes |
| ENGA PAU-001 | System & Method for Building User Profiles | 1,397.36 | 997.96 | 2,395.32 | |
| ENGA PEP-001 | System & Method for Building User Profiles | 3,094.96 | 1,940.97 | 5,035.93 | |
| ENGA PHK-001 | System & Method for Building User Profiles | 242.90 | 1,976.00 | 2,218.90 | |
| ENGA PJP-001 | System & Method for Building User Profiles | 173.22 | 0.00 | 173.22 | |
| ENGA PWO-001 | System & Method for Building User Profiles | 154.05 | 9.70 | 163.75 | |
| ENGA PWO-003 | System & Method for Inferring Demographic Profiles | 1,073.59 | 981.53 | 2,055.12 | |
| ENGA PWO-006 | Demographic Profiling Engine | 1,344.54 | 1,756.19 | 3,100.73 | Yes |
| ENGA-PWO-007 | Database Interface Architecture | 0.00 | 2,696.19 | 2,696.19 | Yes |
| FLCT-P01-001 | Internet Advertising System | 1476.02 | 1,726.20 | 3,202.22 | |
| FLCT-P01-002 | Optimized Internet Advertising | 3261.39 | 1,797.25 | 5,058.64 | |
| FLCT-P01-003 | Easily Modifiable Macro Tag | 20.35 | 2.00 | 22.35 | |
| FLCT-P02-001 | Internet Advertising System | 3421.42 | 29.73 | 3,451.15 | |
| FLCT-PAU-001 | Internet Advertising System | 105.75 | 1,060.08 | 1,165.83 | |
| FLCT-PEP-001 | Internet Advertising System | 40.11 | 1,622.00 | 1,662.11 | |
| FLCT-PEP-002 | Optimized Internet Advertising | 286.69 | 154.74 | 441.43 | |
| FLCT-PHK-001 | Internet Advertising System | 0 | 355.90 | 355.90 | |
| FLCT-PWO-002 | Optimized Internet Advertising | 0 | 4,764.44 | 4,764.44 | |
| FLCT-PWO-003 | Easily Modifiable Macro Tag | 0 | 1,598.82 | 1,598.82 | |
| TOTAL | | 79,904.11 | 28,833.00 | 108,737.11 | |
| | | | | | |
| TOTAL Subject to Credit Bid | | | | 45,198.29 | |

TOTAL P.09

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

|  |  |
|---|---|
| In re<br><br>ENGAGE INC., et al.,<br><br>Debtors. | Case Nos. 03-43655-JBR<br>et seq.<br><br>Chapter 11 |

### CERTIFICATE OF SERVICE

I, D. Ross Martin, an associate with the law firm of Ropes & Gray LLP, hereby certify that on July 7, 2003, I served copies of:

(1) the Objection of Ropes & Gray LLP to (i) Motion for Approval of Cash Collateral Stipulation and (ii) Motion for Approval of Bidding Procedures; and

(2) this Certificate of Service

by facsimile, on the persons listed below:

| Office of the U.S. Trustee | 600 Main Street, Suite 200<br>Worcester, MA 01608 |
|---|---|
| Jonathan D. Yellin, Esq.<br>Counsel to the Creditors Committee | Riemer & Braunstein LLP<br>3 Center Plaza<br>Boston, MA 02108 |
| John G. Loughnane, Esq.<br>Counsel to Scene7, Inc. | c/o Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 |
| Paul Daley, Esq.<br>Counsel to CMGI | Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02108 |
| Kevin J. Walsh<br>Counsel to Debtors | Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111 |

Dated: July 7, 2003

D. Ross Martin (BBO#629853)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Telephone: 617-951-7000
Telecopier: 617-951-7050

9204027_1